IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 15, 2002 Session

## STATE OF TENNESSEE v. ROGER D. HARRISON

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-100-601     Timothy L. Easter, Judge**

---

**No. M2002-00603-CCA-R3-CD - Filed March 7, 2003**

---

The Appellant, Roger D. Harrison, was convicted, following a bench trial, of DUI, second offense. On appeal, Harrison challenges his conviction upon grounds that: (1) the trial court erred by denying his motion to suppress evidence of driving under the influence because there was insufficient probable cause to stop his vehicle and his pre-arrest period of detention was excessive and unreasonable, and (2) the evidence was insufficient to support his conviction. Although not raised as an issue on appeal, we find it necessary to address the question of whether a federal law enforcement officer, when acting beyond his assigned federal duties and jurisdiction, may lawfully stop or seize a person who commits a state traffic offense in his presence. After review, we find the federal officer in this case had state authority to stop Harrison's vehicle. Moreover, finding Harrison's issues on appeal without merit, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Judson W. Phillips, Franklin, Tennessee, for the Appellant, Roger D. Harrison.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Christine M. Lapps, Assistant Attorney General; Roger L. Davis, District Attorney General; and Matt Colvard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On February 16, 2001, the Appellant was stopped on State Highway 840 in Williamson County by Tennessee Valley Authority ("TVA") law enforcement officer Kevin Pollard. At the time

Pollard, who was returning home from work, was wearing a TVA police uniform, carrying a side arm, and driving a designated TVA police vehicle with emergency lights. The traffic stop was initiated after Pollard observed the Appellant cross the fog line three times on a clear night, while traveling well below the posted speed limit. As Officer Pollard approached the Appellant, he observed that the Appellant smelled of alcohol, his eyes were bloodshot, and his speech was slurred. Pollard testified that he believed the Appellant was intoxicated. He returned to his patrol car and radioed the Williamson County Sheriff's Office, pursuant to the TVA policy which required him to contact appropriate local law enforcement officers under such circumstances. Because of radio transmission problems, Pollard was forced to contact the sheriff's office by cell phone. According to his trial testimony, it took the Williamson County deputy approximately thirty to thirty-five minutes to arrive at the scene.

Upon arrival, the responding officer, Deputy Clark, briefly conferred with Pollard and then approached the Appellant's vehicle. He also noticed that the Appellant smelled of alcohol, had bloodshot eyes, and slurred speech. The Appellant admitted to Deputy Clark that he had consumed six beers earlier in the evening. Clark requested that the Appellant exit the vehicle in order to perform field sobriety tests. According to Clark, the Appellant failed to successfully complete the three tests and was then placed under arrest. Clark transported the Appellant to Williamson County Medical Center, where a blood alcohol test was conducted. The test results indicated a .16% blood alcohol concentration level.

On June 11, 2001, the Williamson County Grand Jury returned a three count indictment charging the Appellant with: (1) driving under the influence of an intoxicant; (2) driving with a blood alcohol level of .10% or greater; and (3) driving under the influence, second offense.

At a bench trial on January 15, 2002, the Appellant was found guilty of counts 1 and 3, with count 2 being dismissed. He was sentenced to eleven months, twenty-nine days at 100%, which was suspended after the service of forty-five days in the county jail.

**Analysis**

**I. Officer's Authority to Effectuate Stop**

Although not challenged on appeal, we first find it necessary to examine the finding of the trial court that Officer Pollard had police authority to stop the Appellant's vehicle. If no police authority existed, the Appellant's stop would be reviewed under the provisions of Tennessee Code Annotated § 40-7-109, arrest by private person. This issue was briefly raised by the Appellant at a suppression hearing. Officer Pollard testified at the hearing that his authority to act in this case derived from "Chapter 76 of the Public Acts." Chapter 76 of the Public Acts of 1989, which is codified at Tennessee Code Annotated § 38-3-120, provides in relevant part as follows:

> (a) The Tennessee valley authority (hereinafter referred to as "TVA") may apply to
> the commissioner of safety for the appointment and commissioning of such number

of its agents, servants, or employees as TVA shall designate to act as peace officers, as provided in this section. The commissioner, upon such application, shall appoint such persons as TVA designates to be such peace officers, and shall give commissions to those appointed. Any agent, servant, or employee of TVA so designated shall be eligible for such appointment and commission. . . .

(c) Each such officer, throughout every county in the state in which TVA does business, operates, or owns or controls property, including leaseholds and rights-of-way, shall have and exercise, for the sole purpose of carrying out the scope of assigned duties as specified or limited within the exclusive judgment of the TVA board of directors, all of the powers of a peace officer, including the power to make arrests for public offenses committed against TVA officials or employees or committed upon, about, or against TVA property or on public roads or rights-of-way passing through or over such property, and, while in pursuit of a person fleeing after committing such an offense, may pursue the person and make arrest anywhere in the state. Further, such officers may provide security at TVA's nuclear facilities, may serve process in criminal and penal prosecutions for such offenses, and shall have authority to carry weapons for the reasonable purposes of their offices and while in the performance of their assigned duties. Notwithstanding any other provision of law, <u>the authorities</u>, responsibilities and liabilities <u>of such officers shall be limited</u> as provided for under this section.

(emphasis added).

Officer Pollard testified that he had been duly appointed and commissioned to act as a peace officer by the Commissioner of Safety for the State of Tennessee. At the conclusion of the hearing, the trial court found that Officer Pollard, by virtue of his appointment as a peace officer by the State of Tennessee, possessed police authority to stop the Appellant's vehicle.

The provisions of Tennessee Code Annotated § 38-3-120 clearly provide that the authority of a TVA officer acting as a state peace officer "shall be limited as provided for under this section." Tenn. Code Ann. § 38-3-120(c). The act of a TVA officer stopping a motorist for an investigatory traffic stop not occurring on TVA property, nor on state property traversing TVA property, nor in pursuit of a person who has committed a crime on TVA property, is not authorized by the statute. Accordingly, we find the trial court's ruling was error. Notwithstanding, we find the provisions of Tennessee Code Annotated § 38-3-113 applicable. This statute provides in relevant part:

A sworn federal law enforcement officer, who in official capacity is authorized by law to make arrests, shall, when making an arrest in this state for a nonfederal offense, <u>have the same legal status</u> and immunity from suit as a state or local law enforcement officer if such arrest is made under the following circumstances: . . .

(2) The officer reasonably believes the person arrested has committed a misdemeanor that amounts to a breach of the peace in the officer's presence or is committing such a misdemeanor in the officer's presence; . . .

(emphasis added). The proof in this case established that TVA Officer Pollard was a sworn federal law enforcement officer, and that he reasonably believed the Appellant's driving constituted a misdemeanor committed in his presence. Pollard testified at trial that the Appellant had committed the traffic offense of "failure to maintain lane." Tennessee Code Annotated § 55-8-123(1) requires that a vehicle shall "be driven as nearly practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."[1] Accordingly, we conclude that TVA Officer Pollard "ha[d] the same legal status" as a state or local law enforcement officer would have had in making stop of the Appellant's vehicle.

## II. Motion to Suppress

First, the Appellant contends that the trial court erred in denying his motion to suppress because (1) the officer lacked probable cause to make the stop and (2) even if probable cause existed, the period of detention before his arrest was unreasonable. "Probable cause" is not required for a police officer to make a limited stop to investigate suspected criminal activity when the officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); *see also State v. Binette*, 33 S.W.3d 215, 218 (Tenn. 2000). Courts considering the issue of reasonable suspicion must look to the totality of the circumstances and should "judge[] by weighing the gravity of the public concern, the degree to which the seizure advances that concern, and the severity of the intrusion into individual privacy." *State v. Pulley*, 863 S.W.2d 29, 30 (Tenn. 1993)(citing *Brown v. Texas*, 443 U.S. 47, 50, 99 S. Ct. 2637, 2640 (1979)). The Appellant does not dispute the fact that he crossed the fog line three different times on a clear night while traveling well below the posted speed. Based upon these articulable facts, we find that Officer Pollard was warranted in making an investigatory stop of the Appellant's vehicle.

With regard to the period of detention, we agree that the detention must "last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 500, 103 S. Ct. 1319, 1325 (1983); *State v. England*, 19 S.W.3d 762, 767-68 (Tenn. 2000). Moreover, the officer

---

[1] Although Pollard's testimony also revealed that he believed that the Appellant's driving constituted reckless driving, this incorrect belief is not fatal to a valid stop of the Appellant's vehicle. This court held in *State v. Duer*, 616 S.W.2d 614 (Tenn. Crim. App. 1981):

> Where an officer makes an arrest which is properly supported by probable cause to arrest for one offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest. *Id.* at 616 (citing 6A C.J.S. Arrest § 21(1975)). . . . In other words, the test does not rest on the officer's subjective conclusion as to what offense has been committed. Rather, the test is whether the facts and circumstances present are sufficient to enable the court to see that some offense has been committed that would have justified a legal arrest. *Id.*

should employ the least intrusive means reasonably available to investigate his or her suspicions in a short period of time. *Florida v. Royer*, 460 U.S. at 500, 103 S. Ct. at 1325-26. As our supreme court has held, " the proper inquiry is whether during the detention, the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly." *State v. Simpson*, 968 S.W.2d 776, 783 (Tenn. 1998) (citations omitted). The trial court found that any delay that occurred during the investigative stop was entirely reasonable. We agree. The record demonstrates that Officer Pollard did "diligently" pursue his duties in order to resolve the situation. The radio problems he encountered were beyond his control. We conclude that the period of approximately thirty-five minutes, under the circumstances of this case, was not an unreasonable period of detention.[2] The Appellant's reliance upon *State v. Morelock*, 851 S.W.2d 838 (Tenn. Crim. App. 1992), is misplaced. In *Morelock*, the period of detention which was challenged as being unreasonable, occurred while the motorist was held without reasonable suspicion or probable cause to arrest. Accordingly, we find the Appellant's suppression issues without merit.

## III. Sufficiency of the Evidence

In his final issue, the Appellant contends that the evidence is insufficient to support his conviction for driving under the influence. Where the sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e)*; Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). On appeal, the State is entitled to the strongest view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn. 1994); *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

Immediately after his stop, which was based upon reasonable suspicion, the Appellant smelled of alcohol, his eyes were bloodshot, and his speech was slurred. These observations were confirmed approximately one-half hour later by a second officer. The Appellant admitted to drinking six beers earlier that evening. He failed three field sobriety tests, and a chemical test performed some time later established the Appellant's blood alcohol level at .16%. We find these facts more than sufficient to permit a fact finder to conclude beyond a reasonable doubt that the Appellant was guilty of driving while intoxicated. This issue is without merit.

---

[2]Officer Pollard testified at the suppression hearing that he stopped the Appellant between 11:00 and 11:30 p.m. However, at trial Pollard indicated that it was between 10:00 and 10:30 p.m. Deputy Clark was consistent in his testimony that he arrived at the scene at 12:03 a.m. Although Pollard testified to different times for the stop, he was consistent in his testimony that approximately thirty to thirty-five minutes elapsed before the deputy arrived.

**CONCLUSION**

For the above stated reasons, we conclude that Officer Pollard's extra-territorial stop of the Appellant's vehicle was conducted under police authority, and that the stop was proper. Moreover, we conclude that the evidence is sufficient to support the Appellant's conviction for DUI, second offense. Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE