IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 3, 2010

## BENNY TAYLOR, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 8412      Joseph H. Walker, III, Judge**

_____

**No. W2010-00107-CCA-R3-PC  - Filed August 30, 2010**

_____

The petitioner, Benny Taylor, Jr., appeals the denial of his petition for post-conviction relief wherein he challenged his 2008 Lauderdale County Circuit Court conviction of possession with intent to deliver cocaine. In this appeal, he contends that he was denied the effective assistance of counsel at trial. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Scott A. Lovelace, Ripley, Tennessee, for the appellant, Benny Taylor, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Julie K. Pillow, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following a September 2008 bench trial, the petitioner was convicted of one count of the possession with intent to deliver cocaine, and the trial court imposed a sentence of seven years' incarceration. The petitioner did not appeal his convictions but filed a timely petition for post-conviction relief alleging that he had been denied the effective assistance of counsel at trial. The post-conviction court appointed counsel and held an evidentiary hearing on December 18, 2009.

At the evidentiary hearing, the petitioner testified that trial counsel was

appointed to represent him prior to his appearance in the general sessions court. He stated that he met with trial counsel for the first time immediately before his sessions court proceeding and that he met with her "probably about two or three times" before the bench trial in this case. The petitioner claimed that he never received a copy of the search warrant when it was executed on the residence he shared with his mother and stepfather and that he did not get to hear an audiotape that allegedly precipitated the warrant.

During cross-examination, the petitioner stated that counsel provided him with a copy of the search warrant and that the two reviewed the warrant together. The petitioner admitted that he was allowed to testify at trial and that his counsel called witnesses on his behalf in an attempt to prove that cocaine discovered in the pocket of a jacket inside the residence did not belong to the petitioner. The petitioner also conceded that trial counsel raised all the issues he wanted to be raised in his defense. The petitioner also agreed that trial counsel "competently and to the best of her ability raised" all appropriate issues in his defense.

On redirect examination, the petitioner testified that counsel discussed with him the nuances of the drug possession statute and all defenses that were available to him.

Trial counsel testified that at the time of the petitioner's trial, she had served as an assistant public defender for some 18 years. She stated that she reviewed the search warrant in the petitioner's case and that she found no reason to challenge the warrant. She recalled that after the petitioner's mother told her that officers did not leave a copy of the warrant at the residence, she spoke with the three officers who conducted the search "independently, not at the same time, and asked them, and they each gave [her] the same answer as to where they had left that search warrant." She stated that she gave this information to the petitioner and to his mother. She said that given the officers' testimony on this issue, a motion challenging the search on grounds that the petitioner did not receive a copy of the warrant would not have been successful.

Trial counsel stated that she did not receive a copy of the audiotape to which the petitioner referred in his testimony because the petitioner was not charged as part of the controlled buy that was memorialized on the tape. In consequence, the tape was not available for the petitioner to hear. Trial counsel testified that she met with the petitioner two or three times prior to the trial and then "quite a few times after the conviction" to assess the petitioner's chances for success on direct appeal. Trial counsel testified that as a result of those discussions, the petitioner executed a waiver of his right to appeal. She stated that she believed the petitioner to be a well-informed and active participant in the trial process.

During cross-examination, trial counsel conceded that she did not provide the

-2-

petitioner with discovery materials during their first meeting, but she explained that she had not received the materials at the time of that meeting. She stated that "the discovery, frankly, was a police report, a search warrant, and then a lab report. There really wasn't a lot to it." She said that probable cause for the search warrant "was based upon a sale that occurred at that residence between an undercover confidential informant and [the petitioner]." She said that she did not listen to the tape because she did not "have a right to listen to it." She stated that the contents of the tape were irrelevant to the validity of the warrant, explaining, "I cannot go beyond the four corners of the warrant. So if they say in the warrant that they had a reliable confidential informant who made a sale or a buy, you know, I can't . . . question that." She testified that the tape was never admitted into evidence in the petitioner's trial.

Trial counsel stated that she did not pursue a defense based on the cocaine being possessed solely for the petitioner's personal use because the petitioner was adamant that neither the cocaine nor the jacket in which it was found belonged to him. She said that he maintained that the jacket belonged to his brother and that, as a result, she did not "believe that [personal use] would be a viable claim for a defense."

At the conclusion of the hearing, the post-conviction court took the petition under advisement. In a later-issued written order, the post-conviction court denied post-conviction relief, finding that the petitioner had not been denied the effective assistance of counsel at trial. The court accredited the testimony of trial counsel and concluded that "the petitioner failed to carry the burden of showing that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial."

In this appeal, the petitioner reiterates his claims that trial counsel performed deficiently by failing to meet with him a sufficient number of times and by failing to challenge the search warrant in his case.

A post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first whether "the advice given, or the services rendered by the attorney, are within the range of

competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

In this case, testimony from both the petitioner and his trial counsel established that trial counsel reviewed the discovery materials with the petitioner, reviewed the nature of the charges against the petitioner and the likelihood of success at trial, reviewed the search warrant with the petitioner and the likelihood of mounting a successful challenge to the search warrant, and discussed all available defense strategies. The petitioner conceded that trial counsel represented him "competently and to the best of her abilities." Trial counsel's accredited testimony established that there was no legal basis for challenging the search warrant, and the petitioner failed to even allege any meritorious grounds for a motion to suppress the search warrant. Under these circumstances, the petitioner has failed to establish by clear and convincing evidence that trial counsel performed deficiently.

Accordingly, the judgment of the post-conviction court is affirmed.

-4-

_____
JAMES CURWOOD WITT, JR., JUDGE