# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 6, 2012 at Jackson

## JULIUS PERKINS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-A-569      J. Randall Wyatt, Jr., Judge**

---

**No. M2011-00522-CCA-R3-PC - Filed April 24, 2012**

---

The petitioner, Julius Perkins, appeals from the Davidson County Criminal Court's order denying his petition for post-conviction relief challenging his 2002 jury conviction of first degree felony murder on the basis of ineffective assistance of counsel, trial court errors, and prosecutorial misconduct. Determining that the evidence does not preponderate against the post-conviction court's findings, we affirm the order of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

G. Kerry Haymaker, Nashville, Tennessee, for the appellant, Julius Perkins.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On direct appeal to this court, the petitioner challenged the sufficiency of the evidence to support his conviction of first degree felony murder. *State v. Julius Q. Perkins*, No. M2003–01761-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Nashville, Jan. 6, 2005), *perm. app. denied* (Tenn. Oct. 31, 2005). The evidence at trial showed that the petitioner and his co-defendant, Jerry Woodland, went to the victim's apartment building, where Mr. Woodland, who was armed with a gun, engaged in a struggle with the victim outside the apartment door. *Id.* Both the victim's roommate and mother witnessed the struggle. *Id.*, slip op. at 2. The roommate testified that he heard Mr. Woodland tell the petitioner, who was standing on the first floor landing of the apartment building and also armed with a gun, to

shoot the victim. *Id*. As the victim ran upstairs to retreat to his apartment, three shots were fired. *Id*. The roommate pulled the victim inside the apartment and closed the door. The roommate soon heard footsteps going down the stairs. The victim suffered two gunshot wounds, one to the chest and one to his leg. *Id*. He bled to death from the chest wound while waiting for emergency personnel. Investigators discovered nine millimeter and 357 caliber bullets and casings along the stairway leading to the apartment. *Id*.

Consistently with his statement to investigators, the petitioner testified at trial that he drove Mr. Woodland to the victim's apartment to purchase marijuana. *Id*., slip op. at 3-4. He knew that Mr. Woodland was carrying a gun, but he claimed that was not unusual to do "for protection." Likewise, the petitioner carried a gun, either a nine millimeter or a 380 caliber pistol, for protection while at work. The petitioner said that he stayed downstairs while Mr. Woodland went to the victim's apartment. The petitioner told investigators that he saw Mr. Woodland pull a gun on the victim. As the men struggled on the stairway, the petitioner pulled his gun in an effort to fire a "warning shot" to stop the altercation. The petitioner testified, however, that his gun "jammed" and would not fire. He denied knowing that Mr. Woodland planned to rob the victim. This court affirmed the petitioner's conviction on direct appeal. *Id*., slip op. at 6.

The petitioner filed a timely petition for post-conviction relief alleging various infirmities in the trial court's instructions to the jury, prosecutorial misconduct, and ineffective assistance of counsel. Following the appointment of counsel, the petitioner filed an amended petition claiming additional instances of ineffective assistance of counsel.

At the evidentiary hearing, the petitioner presented one witness, trial counsel. Trial counsel testified that the petitioner's wife retained him to represent the petitioner throughout the trial and appeal. He explained the theory of defense:

> [B]ased on the conversations that I had with my client and based on the evidence that we investigated, . . . my client was riding along with one of his friends and basically they were just going to pick up, his friend was going to buy some weed from somebody and the next thing you know a malay [sic] ensued and my client was at the bottom of the stairs and didn't know what was going on and the gentleman ended up getting shot, but my client had no idea that there was going to be either a robbery or any kind of violence or anything like that. He wasn't there for any reason, but just going with his friend.

Counsel acknowledged that the defense theory essentially was that the petitioner did not

intend to kill or rob the victim. In that vein, he opined that the defense theory was successful, in part, because the jury had acquitted the petitioner of the alternative premeditated first degree murder count.

Trial counsel testified extensively regarding his handling of a piece of evidence found at the petitioner's home, a ski mask. Trial counsel said that he reviewed all of the evidence provided in pretrial discovery and knew that a ski mask had been recovered from a search of the petitioner's home. He admitted that he did not file a pretrial motion to exclude the ski mask. He explained that he did not do so because he did not believe it had any relevance to the offense and a relevancy determination would most likely be made during the trial if the State attempted to introduce the ski mask as evidence. Trial counsel recalled that he did, in fact, object to an investigator's referring to the ski mask and that the trial court sustained the objection based upon relevance. He further explained that he did not request a curative instruction or move for a mistrial because he did not want to draw further attention to the reference and because he did not believe he had a basis for a mistrial in light of the brief and limited reference to the ski mask.

At the conclusion of trial counsel's testimony, the petitioner announced that "most of the other issues that I have raised [in the petition], there [are] grounds for them in the record" and did not present any further evidence in support of his allegations. In a written order denying relief, the post-conviction court held that the petitioner failed to establish by clear and convincing evidence any additional claims of ineffective assistance of counsel by failing to present proof at the evidentiary hearing, and the court also held that the petitioner waived several issues concerning trial court error by failing to raise them on direct appeal. Concerning the allegation that trial counsel performed deficiently by failing to seek a curative instruction or mistrial regarding the reference to the ski mask, the post-conviction court found that trial counsel utilized "a common strategy" of not drawing further attention to the irrelevant reference and held that the petitioner failed to establish any prejudice from this alleged deficiency.

On appeal, the petitioner contends that he is entitled to relief based upon trial counsel's deficient handling of the ski mask reference. The State contends that the petitioner has waived the issue of counsel's ineffectiveness by failing to present it on direct appeal and, alternatively, that the petitioner failed to establish deficient performance.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. *See* T.C.A. § 40-30-110(f) (2006). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631

(Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6, S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

Initially, we disagree with the State that the petitioner waived his allegation of ineffective assistance of counsel by failing to raise it on direct appeal. Trial counsel handled the direct appeal of the case. We cannot discern how the issue of counsel's performance could have been presented on direct appeal and, therefore, waived under these circumstances.

That being said, we determine that the post-conviction court's findings are supported by the record in this case. Trial counsel testified exclusively regarding his decision-making surrounding the reference to the ski mask and explained that once the trial

-4-

court sustained his objection to the reference, he decided not to draw further attention to the reference by requesting a curative instruction. Likewise, trial counsel testified that he did not see an adequate basis to request a mistrial based on the brief reference. These decisions were reasonable and did not rise to the level of deficient performance. Furthermore, even assuming deficient performance, we agree with the post-conviction court that the petitioner failed to establish prejudice stemming from counsel's action or inaction. We agree that the petitioner failed to prove ineffective assistance of counsel. Accordingly, we affirm the post-conviction court's order denying relief.

_____

JAMES CURWOOD WITT, JR., JUDGE