# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. DENNIS R. ENGLAND

**An Appeal from the Criminal Court for Sumner County**
**No. 9781     Jane Wheatcraft, Judge**

---

**No. M1997-00254-SC-R11-CO      Decided May 30, 2000**

## FOR PUBLICATION

---

This is an appeal from the Criminal Court for Sumner County, which granted the defendant's motion to suppress evidence obtained from a canine sweep of his legally detained motor vehicle. The trial court concluded that a canine sweep is not a search under the Fourth Amendment to the United States Constitution but nonetheless held that the officer's investigation should have ceased upon the defendant's refusal to consent to a search. The Court of Criminal Appeals agreed with the State that, because a canine sweep is not a search under the Fourth Amendment to the United States Constitution and the defendant's vehicle was legally stopped, the defendant's consent was not necessary, and the officer needed neither probable cause nor reasonable suspicion to conduct the canine sweep. The Court of Criminal Appeals further concluded that the dog's positive alert for drugs gave the officer probable cause to search the inside of the vehicle. Accordingly, the Court of Criminal Appeals reversed, and we granted the defendant's application for permission to appeal this issue of first impression. We hold that a canine sweep around the perimeter of a legally detained vehicle does not constitute a search and thus need not be supported by probable cause or reasonable suspicion, and further, that under the facts of this case, the dog's positive alert provided probable cause to search the inside of the vehicle. Accordingly, we affirm the judgment of the Court of Criminal Appeals.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed**

ANDERSON, C. J., delivered the opinion of the Court, in which DROWOTA, HOLDER, and BARKER, JJ., joined. BIRCH, J., filed a dissenting opinion.

R. Eddie Davidson of Nashville, Tennessee, for the appellant, Dennis R. England

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Daryl J. Brand, Associate Solicitor General, Nashville, Tennessee (ON APPEAL), and Lawrence Ray Whitley, District Attorney General, and Dee Gay, Assistant District Attorney (AT TRIAL), for the appellee, State of Tennessee

## OPINION

We granted this appeal to determine whether a canine sweep[1] around the perimeter of a legally detained motor vehicle constitutes a search and, therefore, requires probable cause or reasonable suspicion.

The trial court held an evidentiary hearing on the defendant's motion to suppress evidence obtained from a motor vehicle search after a police stop for a traffic violation. Although the trial court concluded that a canine sweep is not a search under the Fourth Amendment to the United States Constitution, it nevertheless held that the officer's investigation, which included the canine sweep, should have ceased upon the defendant's refusal to consent to a search. The defendant's motion to suppress was granted.

The Court of Criminal Appeals agreed with the trial court that the defendant's vehicle was legally stopped and that the canine sweep did not constitute a search. The appellate court, however, did not agree that the defendant's consent was necessary, given that the canine sweep was not a search for purposes of the Fourth Amendment. The court held that the officer needed neither probable cause nor reasonable suspicion to conduct the canine sweep and that the dog's positive alert for drugs[2] gave the officer probable cause to search the inside of the vehicle. Accordingly, the Court of Criminal Appeals reversed the trial court's grant of the defendant's motion to suppress.

We agree with the lower courts that a canine sweep around the perimeter of a legally detained vehicle does not constitute a search. We also agree with the Court of Criminal Appeals' holding that such a canine sweep need not be supported by probable cause or reasonable suspicion, so long as the canine sweep does not unreasonably delay an otherwise legal traffic stop. Finally, based upon our de novo review of the record, we also agree with the Court of Criminal Appeals that the canine's positive alert gave the officer probable cause to search under the facts of this case.

## BACKGROUND

Deputy Sheriff Jerry Carpenter testified at the suppression hearing that he was driving on routine patrol in Sumner County, Tennessee with "Coaster," his drug detection dog, when he spotted the defendant, Dennis R. England, driving his pick-up truck without a light to illuminate the rear license plate, in violation of Tenn. Code Ann. § 55-9-404 (1998).

The deputy activated his blue lights and stopped England's truck. He left his patrol car, approached the driver, and informed him that he had been stopped for failing to illuminate his rear license plate. He obtained his driver's license and returned to the patrol car to call the dispatcher and confirm that the license was valid and that there were no outstanding warrants.

---

[1] A canine sweep is a procedure by which an officer's trained and certified drug detection dog sniffs a suspected area for the presence of narcotics.

[2] Deputy Carpenter testified that a positive alert occurs when the canine scratches, bites, or barks in or around the area where the canine scents drugs.

As Deputy Carpenter awaited the report, he noticed England get out of his truck. England said he was concerned that a loose wire accounted for the unilluminated light and the deputy shined his flashlight so that the wires could be seen. As the deputy talked to the defendant, he began to grow suspicious, based upon the responses to his questions.

Deputy Carpenter first asked England if he had ever been arrested, and he replied that he had. The deputy asked him what his charge had been, and he responded that he had wrecked his truck and gotten arrested. The next question was whether he had gotten arrested for a "DUI," and England responded, "No, for dope." When the deputy asked what kind of dope, England answered "marijuana." Deputy Carpenter testified that when he asked him if he had any marijuana in his truck, England became visibly nervous, both shaking and trembling, and stammered a reply of "no."

Deputy Carpenter then asked England for permission to search his truck. England wanted to know what would happen if he refused to consent to the search, and the officer told him that he would be given a citation for the unilluminated light and would then be free to go, as soon as the dispatcher reported back to confirm that the license was valid and that there were no outstanding warrants. England informed Deputy Carpenter that he did not want his truck searched.

At this stage, Deputy Thomas arrived on the scene. Deputy Carpenter instructed England to stand with Thomas about ten feet away from the pick-up truck. Deputy Carpenter then retrieved his dog from the patrol car and walked to the front fender area of England's truck to perform a canine sweep of the perimeter of the pick-up truck. Deputy Carpenter testified that when Coaster reached the area around the driver's side door, which England had left open, the dog began scratching at the door jamb, which signaled that illegal drugs were present inside the vehicle.

Deputy Carpenter then allowed the dog to enter the vehicle to investigate further, and the dog gave a positive alert on a blue denim jacket laying on the front seat. Deputy Carpenter testified he then removed the jacket from the vehicle, checked its pockets, and discovered a "large amount" of what appeared to be marijuana, along with weighing scales, several empty plastic bags, several marijuana "roaches," and a marijuana pipe. He placed England under arrest. The dispatcher did not report back that England had a valid license and no outstanding warrants until after England's arrest.

In the trial court, the defense filed a motion to suppress the evidence obtained from the canine sweep, arguing that the sweep constitutes a search, that the defendant had refused to consent to the search, and further, that Deputy Carpenter lacked probable cause to search. The State responded that the canine sweep is less intrusive than a search and that, under the facts of this case, the canine sweep and the later search were reasonable.

The trial court found that England was lawfully stopped, and that the "detention was not unduly long" but was for a reasonable length of time and purpose.[3] The trial court nonetheless held that under the facts of this case, the officer's investigation should have ended as soon as England refused consent to search his vehicle, stating that the "officer used his refusal as the basis on which to get the dog out of the car to conduct a 'sniff.' Once the defendant refused to have his car searched as the result of custodial questioning, that should have ended the matter." Accordingly, the trial court granted the motion to suppress.

The Court of Criminal Appeals affirmed the trial court's conclusions that a canine sweep falls short of a Fourth Amendment search and that the length of the detention in this case was reasonable. The appellate court, however, disagreed with the trial court that the canine sweep was rendered unconstitutional simply because it was conducted after England refused consent to search his vehicle. The court reasoned that the officer needed neither probable cause nor reasonable suspicion for the canine sweep and that once the dog reacted with a positive alert during the sweep, there was probable cause for a search. The Court of Criminal Appeals stated that:

> the automobile lighting violation provided the officer with the legal justification for the stop of the vehicle. While the vehicle was being legally detained, neither probable cause nor reasonable suspicion was needed for the officer to allow the drug dog to "sniff" or "sweep" the exterior of the vehicle. When the dog indicated positive for the presence of illegal drugs in the vehicle, this action provided the officer with probable cause to search the vehicle for the drugs.

Accordingly, the Court of Criminal Appeals reversed the trial court's grant of the defendant's motion to suppress.

We granted the defendant's application for permission to appeal this issue of first impression.

## ANALYSIS

### Standard of Review

This case involves a review of the trial court's findings of fact and law in granting the motion to suppress. In such cases, we will uphold the trial court's findings regarding the "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence," unless the evidence preponderates against these findings. State v. Odom, 928 S.W.2d 18,

---

[3] At oral argument before this Court, defense counsel explained that, as a trial tactic, he chose not to question Deputy Carpenter regarding the length of the stop. The State indicated at oral argument, however, that based upon the deputy's reports, the "entire episode lasted no more than ten minutes." Deputy Carpenter's reports are included in the record as exhibits and, as the State asserts, indicate that the time from the initial stop to the arrest took no more than ten minutes.

23 (Tenn. 1996).  The application of the law to the facts found by the trial court, however, is a question of law which this Court reviews de novo.  State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997); Odom, 928 S.W.2d at 23.

### Initial Stop

It is well-settled that an investigative stop of an automobile is constitutional so long as law enforcement officials have a reasonable suspicion, supported by specific and articulable facts, that the occupants of the vehicle have committed, are committing, or are about to commit a criminal offense.  United States v. Cortez, 449 U.S. 411, 417, 101 S. Ct. 690, 694, 66 L. Ed. 2d 621 (1981); Delaware v. Prouse, 440 U.S. 648, 663, 99 S. Ct. 1391, 1401, 59 L. Ed. 2d 660; Yeargan, 958 S.W.2d at 631; State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992).  In this case, both parties agree with the lower courts' conclusion that the initial stop of England's pick-up truck was a legal stop, based upon his violation of the license plate light law, Tenn. Code Ann. § 55-9-404.  Accordingly, the lower courts correctly concluded that the initial stop of England's vehicle was reasonable.

### Reasonableness of Detention for Canine Sweep,

We now turn to the question of whether the reasonable stop and detention of England's vehicle for a traffic violation was rendered unreasonable by the officer's use of the drug canine.  In the trial court and the Court of Criminal Appeals, England argued that the canine sweep constitutes an unlawful search.  He abandoned that position at oral argument before this Court and now concedes that a canine sweep is not a search.  We agree.  As the trial court observed:

> The case of U.S. v. Place, 103 S. Ct. 2637 (1983) stands for the proposition that there is no expectation of privacy in contraband and a dog sniff does not violate any privacy interest and is, therefore, not a search under the Fourth Amendment.

United States v. Place, 462 U.S. 696, 103 S. Ct. 2637, 77 L. Ed. 2d 110 (1983); United States v. Jacobsen, 466 U.S. 109, 104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984).  Though the Place case involved the use of canines in airports to investigate luggage, the rule has been applied in the context of canine sweeps around the perimeter of a legally detained vehicle.  Accord, e.g., United States v. Holloman, 113 F.3d 192, 194 (11th Cir. 1997); United States v. Jeffus, 22 F.3d 554, 557 (4th Cir. 1994); United States v. Seals, 987 F.2d 1102, 1106 (5th Cir. 1993); United States v. Rodriquez-Morales, 929 F.2d 780, 788 (1st Cir. 1991); United States v. Stone, 866 F.2d 359, 363 (10th Cir. 1989).  We conclude that the canine sweep did not constitute a search under the Fourth Amendment and therefore required neither probable cause nor reasonable suspicion.[4]

---

[4] In stating that the officer needed reasonable suspicion in order to conduct the canine sweep, the dissent implicitly argues that a canine sweep constitutes a search.  We note that even the defendant now concedes that the canine sweep around the perimeter of his car did not constitute a search.  Accordingly, no reasonable suspicion was required.

Although he concedes that the canine sweep is not a search, England maintains that the scope of the officer's investigation exceeded the reason for the initial stop and was thus unreasonable. He relies on a federal case from the Sixth Circuit, United States v. Mesa, 62 F.3d 159 (6ᵗʰ Cir. 1995) and a Tennessee Court of Criminal Appeals case, State v. Morelock, 851 S.W.2d 838 (Tenn. Crim. App. 1992). In our view, however, both these cases are clearly distinguishable.

In Mesa, the officer stopped the defendant's vehicle, ordered her to the back of his patrol car, and informed her that she had been speeding. The officer checked Mesa's license and, shortly thereafter, issued a warning citation. Instead of allowing Mesa to exit the squad car, however, the officer began questioning her extensively regarding her destination. The officer then conducted a canine sweep around the perimeter of Mesa's vehicle, leaving her locked in the squad car. Although the canine failed to alert, officers nonetheless proceeded to search the inside of the vehicle, the underside of the vehicle, and the trunk, ultimately prying open a partition in the trunk, where they discovered evidence of illegal drugs. Id. at 161.

The Sixth Circuit Court of Appeals reversed the trial court's denial of Mesa's motion to suppress the evidence obtained from the search, reasoning that:

> Once the purposes of the initial traffic stop were completed, there is no doubt that the officer could not further detain the vehicle or its occupants unless something that occurred during the traffic stop generated the necessary reasonable suspicion to justify a further detention.

Id. at 162 (emphasis added). Accordingly, the court held in Mesa that any detention beyond that necessary to complete the traffic stop is unreasonable unless supported by reasonable suspicion. In contrast, in the present case, the investigation for drugs did not delay England beyond the reasonable time necessary to run a license check to carry out the purpose of the traffic stop.

Morelock is also distinguishable. There, the officer legally stopped the defendant for a speeding violation, issued appropriate citations, and promptly learned that the defendant's driver's license was valid and that he had no outstanding warrants. The Court of Criminal Appeals observed that, "[a]lthough their business had ended," the officer nonetheless proceeded to conduct a canine search. Id. at 839. The court characterized the case as "a routine traffic stop prolonged and extended to the point that the detention, reasonable in the beginning, became unreasonable toward the end." Id. at 840. Thus, the search in Morelock became unreasonable because its duration exceeded that necessary to complete the investigation for the initial, legal traffic stop.

In the case before us, however, both the canine sweep and the search of the inside of the vehicle occurred before the dispatcher reported back. Our de novo review of the record indicates that the entire duration of the stop did not exceed ten minutes. We thus conclude that the evidence does not preponderate against the trial court's finding that the length of the detention was reasonable and that the initial reasonable traffic stop was not rendered unreasonable by the investigative use of the canine.

-6-

**Probable Cause**

The Court of Criminal Appeals concluded that the weight of authority supports the finding of probable cause based on a positive alert by a trained narcotics detection dog. It is true that some federal courts have so held, but with little analysis. See, e.g., Romo v. Champion, 46 F.3d 1013, 1020 (10th Cir. 1995); Jeffus, 22 F.3d at 557. To the extent, however, that these holdings represent a per se rule, we reject it. We believe instead that the finding of probable cause should turn on the reliability of the canine and that the trial court should ensure that the canine is reliable by an appropriate finding of fact. See, e.g., United States v. Fernandez, 772 F.2d 495, 497-98 & n.2 (9th Cir. 1985) (court unable to determine whether probable cause was established since no evidence existed as to canine's reliability); Horton v. Goose Creek Indep. Sch. District, 690 F.2d 470, 482 (5th Cir. 1982) (remanding to evaluate dog's reliability); United States v. Colon, 845 F. Supp. 923, 928 (D.P.R. 1994) (lack of evidence in the record concerning narcotics dog reliability precludes probable cause determination); State v. Barker, 850 P.2d 885, 893-94 (Kan. 1993) (remanding to obtain testimony "from the handler of the dog as to the training, background, characteristics, capabilities, and behavior of the dog"); see also United States v. $80,760.00 In U.S. Currency, 781 F. Supp. 462, 478 (N.D. Tex. 1991) ("[r]eliability problems arise when the dog receives poor training, has an inconsistent record, searches for narcotics in conditions without reliability controls or receives cues from its handler"); United States v. $67,220.00 In U.S. Currency, 957 F.2d 280, 285 (6th Cir. 1992) (evaluating dog alert evidence as "weak" because "the government did not obtain testimony from the dog's handler or anyone else familiar with the performance or reliability of the dog"). As the United States District Court for the Northern District of Texas has stated:

> Reliability problems arise when the dog receives poor training, has an inconsistent record, searches for narcotics in conditions without reliability controls or receives cues from its handler. . . .

$80,760.00 In U.S. Currency, 781 F. Supp. at 478 (footnote omitted).

Accordingly, in our view, the trial court, in making the reliability determination may consider such factors as: the canine's training and the canine's "track record," with emphasis on the amount of false negatives and false positives the dog has furnished. The trial court should also consider the officer's training and experience with this particular canine. 1 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 2.2(f), 366-67 (2d ed. 1987); see also Robert C. Bird, An Examination of the Training and Reliability of the Narcotics Detection Dog, 85 Ky. L.J. 405, 432-33 (1997) (stating that the handler's training should include "consistent pairing with one dog, warnings against handler cues, and training under difficult environments").

In the case before us, Deputy Carpenter testified that he had worked on the Sumner County Drug Task Force for two years as a canine narcotics handler; that he had worked on regular patrol for the last year; that his dog's name was Coaster; and that he had worked with Coaster for two years. He described Coaster as being three years old; having received eight weeks of intensified training in the detection of marijuana, cocaine, methamphetamine, and heroin; that he has been certified by the United States Police K-9 Association as a recognize/detector dog, and was recertified

in 1996; that he and Coaster attend retraining sessions bimonthly at the Metro Nashville Police Department to assure that the dog meets their standard for the positive detection of narcotics; and that Coaster has given positive alerts in between fifty and one hundred situations where narcotics were actually found.

We affirm the Court of Criminal Appeals' conclusion that once the canine alerted positive for the presence of drugs, Deputy Carpenter had probable cause to conduct a search of the inside of the vehicle under the facts of this case. Our de novo review of the record reveals no evidence to preponderate against the trial court's implicit finding that this canine and handler are trained and reliable. Coupled with the deputy's testimony with regard to the defendant's demeanor, the canine's positive alert provided probable cause. Accordingly, we affirm the Court of Criminal Appeals' judgment on the grounds stated.

## CONCLUSION

We are of the opinion that a canine sweep around the perimeter of a vehicle which has been legally detained does not constitute a search, and thus, does not require probable cause or reasonable suspicion so long as the duration of the canine sweep does not exceed the time necessary for the traffic stop. We further hold that there was probable cause to search the inside of the vehicle based on the canine's positive alert and the reliability of the canine and handler under the facts of this case. Accordingly, we affirm the Court of Criminal Appeals' judgment holding that a canine sweep of a lawfully detained vehicle is not a search and that there was probable cause to search in this case. Costs of appeal are taxed against Defendant England for which execution shall issue if necessary.