# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
Assigned on Briefs May 18, 2011

## DAVID EARL OFFUT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-64438      Robert E. Corlew, III, Chancellor**

─────────────────────

**No. M2010-01815-CCA-R3-PC - Filed July 20, 2011**

─────────────────────

The petitioner, David Earl Offut,[1] appeals from the Rutherford County Circuit Court's denial of his petition for post-conviction relief attacking his guilty-pleaded convictions for three counts of incest for which he is serving an effective sentence of 18 years' incarceration as a Range I, standard offender. He contends that his guilty pleas were entered involuntarily and unknowingly because trial counsel failed to adequately advise him regarding his release eligibility. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

James T. Pinson, Murfreesboro, Tennessee, for the appellant, David Earl Offut.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Laural Nutt Hemenway, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

        The record reflects that a Rutherford County grand jury charged the petitioner with six counts of rape of child, ten counts of aggravated sexual battery, one count of rape, and one count of sexual battery by an authority figure for acts committed against the

───────────────────

    [1] The petitioner's name is spelled "Offut" in the style of the post-conviction pleading. On direct appeal and elsewhere within the post-conviction record, the spelling appears as "Offutt." As is the practice of this court, we defer to the spelling employed in the originating document of the current cause of action for use in the court's opinion.

petitioner's step-daughter. On the second day of trial and following amendment of the indictment, the petitioner pleaded guilty to three counts of incest with an agreed sentence of six years' incarceration on each count to be served consecutively to one another but concurrently with a previously-imposed sentence arising from convictions of a similar nature in Davidson County. *See State v. David E. Offutt*, No. M2007-02728-CCA-R3-CD (Tenn. Crim. App., Nashville, Aug. 20, 2009). Following the entry of judgments, the petitioner unsuccessfully attempted to set aside the guilty pleas, and this court affirmed the trial court's action. *See State v. David Offutt*, No. M2008-00697-CCA-R3-CD (Tenn. Crim. App., Nashville, Apr. 30, 2009).

The petitioner timely filed a pro se petition for post-conviction relief on March 18, 2010, alleging over 60 instances of ineffective assistance of counsel. Following the appointment of counsel, the petitioner filed an amended pro se petition raising issues similar to those alleged in the original petition. Following a full evidentiary hearing, the post-conviction court held that the petitioner failed to prove his allegations by clear and convincing evidence and denied relief. In doing so, the trial court characterized the petitioner's testimony as dubious and specifically accredited trial counsel's testimony concerning the advice given surrounding the guilty plea. The petitioner filed a timely notice of appeal. This case is properly before this court.

The crux of the petitioner's testimony at the evidentiary hearing concerned his allegation that his plea was involuntary because he was threatened and coerced into pleading guilty. The petitioner claimed that he felt intimidated because he was facing a 140-year sentence if convicted as originally charged. He recalled turning down pretrial plea offers because he "hadn't committed no crime" and was, thus, unwilling to plead guilty. The petitioner claimed that one of the prosecutors approached him outside the presence of his counsel on the second day of trial and made him the offer to which he ultimately agreed. He insisted that he took the plea offer "under a lot of stress and duress" because he was "being threatened to do a hundred forty-four years." Once incarcerated, the petitioner attended his first parole hearing where he was informed that he was required to serve 100 percent of his sentences before being released.[2] He reiterated that he did not commit any crime and would not have pleaded guilty had he known he would serve more than 30 percent before being released.

---

[2] It is unclear on what basis the defendant learned this. The guilty-pleaded convictions allow for release eligibility after the service of 30 percent. From many of the petitioner's comments, we discern that the Board of Probation and Parole most likely informed him that he would not likely receive early release due to the nature of the convictions and his unwillingness to comply with sexual offender treatment requirements.

On cross-examination, the petitioner testified that he had a master's degree and, had he not been "wrongfully" incarcerated, would have received his doctoral degree. The petitioner denied that it was actually he who approached the prosecutor to inquire about the possibility of the plea agreement. He conceded that during the guilty plea colloquy and in correspondence with counsel after the plea, he commended trial counsel for doing an "excellent job" representing him. The petitioner testified that he signed a waiver of a jury fine but asserted that his signature on the guilty plea petition had been forged. At one point during his evidentiary hearing testimony, the petitioner testified that his Davidson County convictions had been reversed by this court – a wholly inaccurate statement – and insisted that the Rutherford county judgments were "recently fabricated." In summary, the petitioner contended that when he agreed to plead guilty, it "seemed that [he] would be out after [the service of ] 30 percent."

Trial counsel testified that he was unaware that the petitioner's Davidson County convictions had been reversed. He also stated more than once that he "read [the plea petition] to [the petitioner] in its entirety." Furthermore, trial counsel witnessed the petitioner's signing the plea petition. Trial counsel testified that, in fact, the petitioner had approached him on the second day of trial and indicated his desire to plead guilty. Until the filing of the post-conviction petition, trial counsel had never heard that one of the prosecutors had approached the petitioner outside counsel's presence. Even at the hearing on the motion to withdraw his guilty plea, the petitioner made no allegation that the State had forced him into pleading guilty.

Trial counsel recalled that he and the petitioner had gone through all of the evidence and that, in his opinion, the trial was going rather well because they had been able to point out several inconsistencies in the victim's testimony. For this reason, trial counsel was frustrated with the petitioner's desire to plead guilty. Trial counsel recalled that the petitioner was "more interested in his total exposure" of sentence length under the indictment and whether the sentences would run concurrently with the Davidson County judgments, rather than what his release eligibility percentage would be. Nevertheless, trial counsel testified that he explained to the petitioner the difference between release eligibility and actual release. He recalled advising the petitioner that he was doubtful whether the petitioner would actually receive parole given the nature of his convictions and the petitioner's reticence in accepting responsibility for the offenses. Trial counsel reiterated that he never would have advised the petitioner that he was guaranteed release after the service of 30 percent of his sentence.

In its findings, the post-conviction court noted that much of the petitioner's testimony contained nothing more than "bold allegations" without any proof. After reviewing the plea colloquy exhibited at the evidentiary hearing, the post-conviction court

noted that the petitioner "had much greater understanding [at the plea hearing] than he today asserts that he had." The post-conviction court found that the plea submission transcript corroborated trial counsel's testimony at the evidentiary hearing. Accordingly, the post-conviction court denied relief.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. *See* T.C.A. § 40-30-110(f) (2006). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In the context of a guilty plea, the petitioner must establish that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). To do so, he must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see Hicks v. State,* 983 S.W.2d 240, 246 (Tenn. Crim. App.1998). In the context of ineffective assistance of counsel that resulted in a guilty plea, the petitioner is not required to demonstrate that he likely would have fared better at trial than he did by pleading guilty, although evidence of this type can be persuasive that he would have insisted on his right to a jury trial. *See Hill,* 474 U.S. at 59. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State,* 938 S.W.2d 363, 370 (Tenn.1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland,* 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the

course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6, S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

The record in this case fully supports the findings of fact and conclusions of law of the post-conviction court. The overall record belies the testimony of the petitioner that he did not understand the guilty plea agreement or, more specifically, the release eligibility contained in the plea agreement, and that trial counsel performed deficiently in any manner. Therefore, the petitioner failed to establish his entitlement to post-conviction relief. Accordingly, the order of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE