IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 16, 2013

## HUEDEL SPARKMAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 11CR97      Robert Crigler, Judge**

**No. M2012-00892-CCA-R3-PC - Filed March 26, 2013**

Much aggrieved by his conviction of possession of cocaine with intent to sell or deliver, the petitioner, Huedel Sparkman, sought post-conviction relief in the Marshall County Circuit Court, alleging that, among other things, he was deprived of the effective assistance of counsel at trial.  Following an evidentiary hearing, the post-conviction court denied relief. On appeal, the petitioner contends that trial counsel performed deficiently by failing to file two motions to suppress.  Discerning no error, we affirm the order of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and PAUL G. SUMMERS, SR. J., joined.

Debbie Zimmerle, Lewisburg, Tennessee, for the appellant, Huedel Sparkman.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Charles Frank Crawford, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 30, 2005, the petitioner was arrested as part of a traffic stop following a cooperative investigation by the 17th Judicial District Drug Task Force, the 21st Judicial District Drug Task Force, and the Maury County Sheriff's Department Drug Task Force.  At the time of the traffic stop, the petitioner was a passenger in a vehicle driven by a paid confidential informant of the 17th Judicial District Drug Task Force.  The informant consented to the search of her vehicle, and Deputy Shane Daugherty of the 21st Judicial District Drug Task Force, in the process of conducting the search, asked the petitioner to step

out of the car.

> When the [petitioner] stepped out, Deputy Daugherty noticed a "large bulge in [the petitioner's] left front pants pocket." He asked the [petitioner] to remove the items from his pocket, so the [petitioner] removed a set of keys and some money. Deputy Daugherty said that there was still something in the [petitioner's] pocket. He asked the [petitioner] what was in his pocket and the [petitioner] admitted that it was cocaine. As Deputy Daugherty arrested the [petitioner], he removed a bag of cocaine from the [petitioner's] pocket. He described the quantity as "a seller's amount."

*State v. Huedel Sparkman*, M2009-02511-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Nashville, Dec. 10, 2010). The Tennessee Bureau of Investigation Crime Laboratory analyzed the substance found in the petitioner's possession and determined that it was 22.9 grams of crack cocaine.

In January, 2006, the Marshall County Grand Jury charged the petitioner with one count of possession with intent to sell and one count of possession with intent to deliver 0.5 grams "or more of cocaine base, a substance containing cocaine, a Schedule II Controlled Substance" in violation of Tennessee Code Annotated section 39-17-417. On August 6, 2009, a jury convicted the petitioner of both offenses.

The trial court merged count two of the indictment with count one and sentenced the petitioner as a Range III, persistent offender to a term of 25 years' imprisonment. The petitioner filed a timely appeal with this court, alleging that the evidence was insufficient to support the convictions and that the sentence imposed was excessive. This court affirmed the judgment of the trial court on December 10, 2010. *See Huedel Sparkman*, slip op. at 7.

The petitioner filed the instant petition for post-conviction relief on November 17, 2011. Following the appointment of counsel, the post-conviction court held an evidentiary hearing.

The petitioner testified that trial counsel never filed a motion to suppress the drug evidence despite the petitioner's request for such a motion. The petitioner did admit that he spoke with trial counsel "a few times" and that trial counsel "came to visit [him] a couple of times" while he was in jail.

Trial counsel testified that he spoke with the petitioner during several court appearances and had requested that the petitioner be transported from the Hardeman County Jail to the Marshall County Jail approximately one week prior to trial. During that week, counsel visited the petitioner at the jail "at least two or three times." While the petitioner was incarcerated in Hardeman County, counsel corresponded with him via mail.

With respect to the petitioner's claims that trial counsel failed to file any motions to suppress, trial counsel offered the following testimony on direct examination:

> Q:     Did you file any motions to suppress any statements?
>
> A:     No.
>
> Q:     Can you kind of further elaborate as to why you didn't do that?
>
> A:     From discussions with [the petitioner] and the officers he was advised of his rights and waived his rights when he told . . . the Drug Task Force that he was going to Fayetteville to sell the drugs.
>
>        And when he volunteered to Agent Daugherty there was cocaine in his pocket, at that point he was not in custody.
>
> Q:     Okay. So any kind of confession he would have made, are you saying a motion to suppress would have been futile?
>
> A:     Yes.

With this evidence, the post-conviction court denied relief. The court specifically found that counsel did not perform deficiently. On appeal, the petitioner argues that he is entitled to post-conviction relief based upon trial counsel's failure to file a motion to suppress his statement to the arresting officer and a motion to suppress the evidence obtained as a result of the traffic stop. The petitioner claims that the failure to file these two motions deprived him of the effective assistance of counsel. The State argues that the post-conviction court's denial of relief should be upheld.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable

because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2006). A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unles the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to relief via a claim of ineffective assistance of counsel, the defendant must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the defendant fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goud v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the defendant the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010); *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the trial court's factual findings, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

In our view, the record supports the post-conviction court's denial of relief. Trial counsel testified that filing any motions to suppress would have been futile given that

the petitioner had volunteered to Deputy Daugherty that there was cocaine in his pocket, as well as his intention to sell that cocaine. We will not "second-guess [this] reasonably based trial strategy," *see Adkins*, 911 S.W.2d at 347, and we hold the petitioner has failed to prove by clear and convincing evidence that trial counsel's representation was deficient or prejudicial.

Accordingly, we affirm the post-conviction court's order denying relief.

_____
JAMES CURWOOD WITT, JR., JUDGE