# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 27, 2013 at Knoxville

## JAMES RICHARD LENING v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2007-B-1227     Cheryl A. Blackburn, Judge**

**No. M2012-01630-CCA-R3-PC - Filed April 1, 2013**

The petitioner, James Richard Lening, appeals the denial of his petition for post-conviction relief from his 2008 Davidson County Criminal Court jury convictions of aggravated burglary, aggravated assault, felony vandalism, and aggravated criminal trespass, claiming that he was denied the effective assistance of counsel at trial. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Marie Stacey, Nashville, Tennessee, for the appellant, James Richard Lening.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Robert Elliott McGuire, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Davidson County Criminal Court jury convicted the petitioner of one count of aggravated burglary, two counts of aggravated assault, one count of felony vandalism, and one count of aggravated criminal trespass for a series of offenses committed at two separate locations on February 24, 2007. The trial court imposed an effective sentence of 42 years' incarceration. This court affirmed the judgments on direct appeal. *See State v. James Richard Lening*, No. M2008-01218-CCA-R3-CD (Tenn. Crim. App., Nashville, June 9, 2009), *perm. app. denied* (Tenn. Oct. 19, 2009).

On April 29, 2010, the petitioner filed a timely petition for post-conviction relief, alleging multiple instances of ineffective assistance of counsel. Following the

appointment of counsel and the amendment of the petition, the post-conviction court held an evidentiary hearing.

The petitioner testified that trial counsel failed to hire a private investigator to interview witnesses before trial and that counsel himself failed to interview any witnesses. The petitioner alleged that trial counsel did not consult with him regarding trial strategy, did not properly review discovery with him, only met with him at the jail on one or two occasions, and never informed him that he could receive consecutive sentences. He claimed that trial counsel failed to file requested motions to suppress certain evidence and witness statements. Specifically, the petitioner wanted counsel to move to suppress a knife handle that was admitted as an exhibit at trial, on the basis that the handle did not contain the petitioner's fingerprints, and a statement by the victim, Mrs. Fontenot, that the petitioner had threatened to kill her baby. The petitioner further claimed that trial counsel failed to submit any mitigating factors prior to sentencing. In his amended petition for post-conviction relief, the petitioner also advanced the theory that he had been illegally sentenced by the trial court in violation of his constitutional rights.

The petitioner did admit that he turned down two plea offers: the first for a sentence of 12 years' incarceration and the second for a sentence of 15 years' incarceration. He explained that he thought that he could "kind of swindle the fifteen down or the twelve down to ten." When questioned by the trial court, the petitioner admitted that he had received discovery materials, which included a copy of the indictment.

Trial counsel testified that he was unaware of any reason why it would have been necessary to hire a private investigator. Trial counsel attempted to locate a witness for the petitioner but was unable to do so given the limited information that the petitioner had provided him. He did, however, attempt to interview the State's witnesses and was only able to speak with one of them. He said that he visited the petitioner at the jail on three occasions and had seven or eight discussion dates with the petitioner at the courthouse. Counsel testified that he discussed trial strategy with the petitioner, reviewed the indictment with him, and explained the full range of punishment for each offense, including the possibility of consecutive sentencing. Trial counsel stated that no grounds existed to file any motion to suppress evidence or statements and that he was unaware of any mitigating factors.

With this evidence, the post-conviction court denied relief. The court specifically found that the petitioner had failed to establish that trial counsel was "ineffective or that he was prejudiced by any alleged ineffectiveness." The court also found that the petitioner had failed to establish any violation of his constitutional rights during sentencing.

On appeal, the petitioner reiterates his claim of ineffective assistance of

counsel, claiming that trial counsel failed to interview witnesses and hire a private investigator; failed to object to statements by the victim at trial; failed to consult with the petitioner regarding trial strategy; failed to visit the petitioner and review discovery documents with him; failed to file a motion to suppress the knife handle; failed to advise the petitioner regarding sentencing; and failed to submit any mitigating factors. In addition, the petitioner argues as a sub-issue that he was illegally sentenced by the trial court.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2006). A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unles the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to relief via a claim of ineffective assistance of counsel, the defendant must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the defendant fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goud v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the defendant the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010); *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the trial court's factual findings, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

In our view, the record supports the post-conviction court's denial of relief. Trial counsel testified that he was unaware of any discussions with the petitioner regarding the need to hire a private investigator, nor was he aware of any reason why an investigator would have been necessary. As the post-conviction court found, the petitioner "did not put on any evidence as to what types of usable evidence would have been uncovered by a private investigator." Counsel testified – and the court gave credit to that testimony – that he attempted to speak with the State's witnesses and was only able to interview one of them. With respect to the petitioner's claims regarding counsel's failure to file any motions to suppress, the record does not contradict counsel's testimony and the court's finding that no basis existed for filing such motions. Moreover, there would have been no basis for trial counsel to object to the victim's statement about what the petitioner said to her because such a statement is admissible under Tennessee Rule of Evidence 803. Trial counsel testified that he did discuss trial strategy with the petitioner, that he visited with the petitioner at least ten times prior to trial, and that he reviewed discovery documents with him and informed him of the maximum potential sentence he could receive, as well as the possibility of his receiving consecutive sentences. The petitioner even admitted to the post-conviction court that he had received discovery materials, including his indictment. Finally, trial counsel testified that he was unaware of any mitigating factors applicable to the petitioner. The post-conviction court accredited counsel's testimony, and counsel's testimony belies any claim of deficient performance or prejudice to the petitioner. As such, the petitioner is not entitled to relief.

With regard to the petitioner's sub-issue, he argues that his sentence was illegal because it was made in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). The petitioner is incorrect in this assertion. As the post-conviction court correctly found, the petitioner committed the underlying offenses on February 24, 2007. In 2005, the general assembly amended the Sentencing Act to bring our sentencing law into compliance with federal constitutional requirements as enunciated in *Blakely v. Washington*, 542 U.S. 296 (2004), and its progeny. Notably, the 2005 revisions rendered advisory the enhancement and mitigating factors and removed the presumptive sentence to be imposed by the trial court. *See State v. Carter*, 254 S.W.3d 335, 345-46 (Tenn. 2008). Thus, as correctly found by the trial court, "there are no cognizable *Blakely* issues" in the instant case.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE