# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 5, 2014

## BRYAN WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 07-03782      W. Mark Ward, Judge**

**No. W2013-00541-CCA-R3-PC  -  Filed April 9, 2014**

The petitioner, Bryan Williams, appeals the denial of his petition for post-conviction relief from his 2009 Shelby County Criminal Court jury convictions of second degree murder, attempted second degree murder, and reckless endangerment, claiming that he was denied the effective assistance of counsel at trial.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Neil Umsted, Memphis, Tennessee, for the appellant, Bryan Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Meghan Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Shelby County Criminal Court jury convicted the petitioner of one count each of second degree murder, attempted second degree murder, and reckless endangerment. The trial court imposed an effective sentence of 35 years' incarceration.  This court affirmed the judgments on direct appeal.  *See State v. Bryan Williams*, No. W2009-00306-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Jackson, Sept. 3, 2010), *perm. app. denied* (Tenn. Apr. 11, 2012).

In *Bryan Williams*, this court summarized the facts of the case as follows:

This case involves the shooting death of the victim, Julius

Calhoun, while he was a passenger in Brittany Bond's car at a gas station in Memphis. Earlier in the day on January 10, 2007, Bond, Zaquesha Morrow, and the defendant argued over the use of Bond's automobile. Bond drove to the gas station and was walking to prepay for her gasoline when a red automobile carrying the defendant and Morrow arrived. Morrow physically confronted Bond, and the defendant was observed to have a gun. The victim and Taurus Bailey were sitting in Bond's automobile with three children when the defendant opened the door, asked the victim "what's up now," and began firing. Bailey testified that he tried to cover his son in the car when he heard the three gunshots. He saw the victim slump over and realized later that he too had been shot. Bailey also testified that he was certain he saw more than two guns during the shooting, but he was uncertain as to the number of shots fired because he was trying to protect his son. Angela Gilliam, also a passenger in the car with the victims, saw Morrow physically assault Bond and saw the defendant approach the back passenger side of the car where the victim was sitting. She did not see the actual shooting but testified that the defendant was the only one by the car door. She fled the car after the first gunshot and was able to pick out both Morrow and the defendant from a photographic lineup.

The defendant was convicted by a jury of second degree murder of Julius Calhoun, attempted second degree murder of Taurus Bailey, and reckless endangerment of the children in the automobile. The trial court sentenced the defendant to twenty-three years for the second degree murder, ten years for the attempted second degree murder, and two years for the reckless endangerment. The trial court ordered the sentences to run consecutively, for a total effective sentence of thirty-five years.

*Id.*, slip op. at 1-2.

The petitioner filed a timely pro se petition for post-conviction relief, and, following the appointment of counsel, a second amended petition for post-conviction relief was filed on November 19, 2012,[1] alleging numerous instances of ineffective assistance of

[1]In the petitioner's brief to this court, he references, among other things, a first amended petition for
(continued...)

counsel. On February 1, 2013, the post-conviction court conducted an evidentiary hearing at which both the petitioner and trial counsel testified. At the conclusion of the hearing, the post-conviction court denied post-conviction relief and entered a written order finding that the petitioner "failed to prove ineffective assistance of counsel," "failed to show either 'deficient performance' or 'prejudice'," and "failed to carry his burden of proof."

Following the entry of this order, the petitioner effected a timely appeal. On appeal, the petitioner abandons all but two of the issues raised in his petition for post-conviction relief, contending only that trial counsel was ineffective by failing to object to certain hearsay testimony and by failing to request an election to the charge of reckless endangerment. The State counters that the post-conviction court properly denied relief.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2006). A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to relief via a claim of ineffective assistance of counsel, the defendant must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the defendant fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goud v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

---

[1](...continued)
post-conviction relief which was allegedly filed on September 30, 2011, but this first amended petition is not included in the record on appeal.

When reviewing a claim of ineffective assistance of counsel, we will not grant the defendant the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010); *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the trial court's factual findings, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

With these principles in mind, we address the petitioner's issues.

*Hearsay*

The petitioner first contends that the post-conviction court erred by concluding that trial counsel was not ineffective for failing to object to certain hearsay testimony at trial. During the State's direct examination of Taurus Bailey at trial, Mr. Bailey made the statement that he heard Brittany Bond say "that boy in that car got a gun," when the only male in the vehicle was the petitioner. At the post-conviction hearing, trial counsel explained why he chose not to object to the statement on hearsay grounds:

> If that was a statement made by Brittany Bond, I believe that Brittany Bond later testified at the trial. And what has happened to me in other trials is that when the objection is made, the parties are called to the bench. And the judge will then inquire of the State as to whether, in this case Brittany Bond, will later testify. And if the State tells the judge that the witness will later testify, the Court will then overrule the objection. I knew that Ms. Bond would testify and I didn't want to object and have that objection overruled in front of the jury.

Ms. Bond did testify later in the trial, and she identified the petitioner as the person with the gun. The post-conviction court found "no reasonable probability" that the hearsay statement had any effect on the outcome of the case, given Ms. Bond's later testimony that the petitioner did, in fact, have a gun.

Although the statement by Mr. Bailey that Ms. Bond said the petitioner had a gun was certainly an out-of-court statement that was likely intended to prove the truth of the matter asserted, *see* Tenn. R. Evid. 801(c), thereby qualifying it as inadmissible hearsay, *see* Tenn. R. Evid. 802, trial counsel testified that the decision to not object to the statement was a tactical one made to avoid being overruled by the trial court in front of the jury. As such, this tactical decision cannot avail the petitioner of the relief he seeks. *See Adkins*, 911 S.W.2d at 347. Moreover, because Ms. Bond later testified to seeing the petitioner with a gun, the petitioner could not demonstrate that he was prejudiced by the hearsay statement. *See Strickland*, 466 U.S. at 694.

*Reckless Endangerment*

The petitioner also argues that trial counsel should have requested an election as to which victim was in the zone of danger to establish the reckless endangerment conviction. The proof at trial showed that three children were present in the vehicle when the petitioner opened fire, killing one of the vehicle's occupants and wounding another.

We need not tarry long over the petitioner's claim. "A person commits [the] offense [of reckless endangerment] who recklessly engages in conduct that places or may place another person in imminent danger of death or serious bodily injury." T.C.A.§ 39-13-103(a). All three children were clearly within the "zone of danger" created by the shooting. *See State v. Payne*, 7 S.W.3d 25, 28 (Tenn. 1999) (defining the "zone of danger" as "that area in which a reasonable probability exists that the defendant's conduct would place others in imminent danger of death or serious bodily injury if others were present in that zone or area"). The fact that trial counsel did not request an election as to the specific victim who was present in the zone of danger was in no way prejudicial to the petitioner.

*Conclusion*

We find no error in the findings of the trial court, and we hold the petitioner has failed to prove by clear and convincing evidence that trial counsel's representation was deficient or prejudicial. Accordingly, the order of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE