# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 04, 2014

## WILLIAM NEWSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C13358     Roy B. Morgan, Jr., Judge**

**No. W2014-00867-CCA-R3-PC  - Filed March 4, 2015**

Petitioner, William Newson, pleaded guilty to driving under the influence of an intoxicant (DUI) with an agreed sentence of eleven months twenty nine days, with forty-eight hours to serve and the remainder on probation.  The sentence was to be served concurrently with a parole violation and a violation of an order of protection in unrelated cases.  Petitioner filed a timely petition for post-conviction relief alleging that trial counsel promised him that his DUI guilty plea would result in his release from jail after serving the forty-eight hours as described in the guilty plea agreement and that he would return to probation.  Petitioner now appeals the trial court's denial of his petition for post-conviction relief, in which he alleged that his guilty plea was not knowingly, voluntarily, and intelligently entered due to the ineffective assistance of trial counsel.  Having reviewed the record before us, we affirm the judgment of trial court.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Joshua B. Dougan, Jackson, Tennessee, for the appellant, William Newson.

Herbert H. Slatery, III, Attorney General and Reporter; David H. Findley, Senior Counsel; Jerry Woodall, District Attorney General; and Matthew Floyd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

The transcript of the guilty plea submission hearing was not introduced at the post-conviction hearing and was not included in the record on appeal. Also, the judgment of the DUI conviction is not in the record. The guilty plea agreement was the only exhibit entered at the post-conviction hearing. Therefore, we rely on the guilty plea agreement, the testimony presented at the post-conviction hearing, the trial court's findings at the post-conviction hearing, and trial court's order denying post-conviction relief for the relevant facts.

*Post-conviction hearing*

Petitioner testified that he met with trial counsel, and they discussed the charges against him of DUI and driving on a suspended license. They met and prepared for the case and then proceeded to trial. The result was an acquittal on the suspended license charge and a hung jury on the DUI charge. Petitioner testified that he and trial counsel then prepared for a second trial on the DUI charge. On the day of the second trial, Petitioner decided to enter a plea of guilty to DUI. When asked why he accepted the plea agreement, Petitioner testified:

> Because I was told that it was gonna be ran [sic] in [sic] concurrent with my parole, and after I do 48 hours in jail, that I was gonna be released on 11/29 probation suspended. The 11/29 was suspended and the rest was gonna be on probation, and then I was gonna have a parole officer and a probation officer.

Petitioner completed a "Request for Acceptance of Plea of Guilty and Petition to Waive Trial by Jury and to Waive Appeal" form. The "Other Conditions" portion of the agreement contained the following handwritten notation: "1 year loss of license, concurrent [with] parole violation [and] violation of order of protection." Petitioner testified that he was "under the impression," based on trial counsel's assertions, that he had an additional twelve hours to serve of the forty-eight hour sentence for DUI, and he would then be released on probation. However, he was instead sent to the West Tennessee State Penitentiary. Petitioner testified that he would not have entered the plea agreement if he had known that he would be sent back to the Department of Correction after serving the remainder of the forty-eight hour period of incarceration. Petitioner claimed that at the guilty plea acceptance hearing he asked "all kinds of questions" to make sure that he would "be released in 48 hours." He said: "See, I didn't know if I could be on parole and be on probation at the same

time, and I asked Your Honor and I asked my lawyer, and the understanding that I received is that I could be on parole and probation at the same time."

On cross-examination, Petitioner agreed that at the time of the plea agreement he was already in custody for violating his parole in another case and for violating an order of protection. He admitted that the parole violation resulted from the order of protection charge, but he asserted that he had not been found guilty of the charge. Petitioner claimed that the parole violation was also based on the DUI charge. However, Petitioner admitted that the plea agreement form specified that his DUI sentence would run concurrent with his parole violation on a thirty-year sentence and therefore, the plea agreement form showed that Petitioner's parole violation sentence had already begun prior to the plea to DUI. Petitioner asserted that he was informed that he could simultaneously be on probation and parole. Petitioner denied that trial counsel told him that trial counsel had no control over the parole board's decision with regard to Petitioner's existing sentence.

Trial counsel testified that after Petitioner's first trial that ended in a hung jury for the DUI charge, he later learned that the jury was hung 10-2 for conviction. At the time, Petitioner was already in custody for a pending parole violation on a thirty-year sentence for multiple aggravated robbery convictions and for violating an order of protection. The parole violation was a result of the pending violation of an order of protection.

Trial counsel testified that on the day of Petitioner's second trial, the State agreed to a plea offer of "[e]ssentially, the mandatory minimum and fines and jail time and community service." Trial counsel explained the offer to Petitioner and told him that the charge would "run concurrent with the parole violation as well as the violation of [the] order of protection." Trial counsel advised Petitioner that trial counsel had "no control or no say-so over what the parole board may do" with respect to the parole violation. Trial counsel testified: "Only thing I could say is this case would be run concurrent with that."

On cross-examination, trial counsel testified that the plea agreement in Petitioner's case occurred after the jury was excused on the day of Petitioner's trial. He testified that he had also discussed the proposal with Petitioner "fairly soon after the first jury trial." Concerning Petitioner's sentence, trial counsel testified:

I explained what this case - - how it would be run, that it could be run concurrent or consecutive to his parole violation. I couldn't tell him what the outcome of the parole violation was going to be, but I could tell him what the outcome of this case was going to be, and that's what I did.

**Analysis**

Petitioner argues that his guilty plea was not knowingly or intelligently entered because he was told and understood that he would be released from custody after serving the agreed upon forty-eight hours in jail for his DUI sentence. He claims that "trial counsel did not adequately explain the relationship between this plea agreement and the parole violation." Petitioner contends that Trial Counsel's failure to explain the relationship resulted in Petitioner's "entrance into a plea bargain on a charge that he otherwise would have taken to a jury trial for a second time." Additionally, Petitioner asserts that he was prejudiced by trial counsel's deficient performance because of "the fact that the first trial on this charge resulted in a hung jury demonstrates a reasonable probability that [Petitioner] may have been acquitted had this case proceeded to a second trial." We disagree.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f). On appeal, the appellate court accords to the trial court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the trial court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases[,]" *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense[,]" *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In other words, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id*. at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made

after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the trial court's factual findings, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). When determining the knowing and voluntary nature of a guilty plea, the standard is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *see also State v. Pettis*, 986 S.W.2d 540, 542 (Tenn. 1999).

In order for a guilty plea to be voluntary, the petitioner must have an understanding of the charges against him and the consequences of pleading guilty, including "the sentence that he will be forced to serve as a result of his guilty plea and conviction." *Blankenship v. State*, 858 S.W.2d 897, 905 (Tenn. 1993). A petitioner's solemn declaration in open court that his or her plea is knowing and voluntary creates a formidable barrier in any subsequent collateral proceeding because these declarations "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Concerning Petitioner's guilty plea, the trial court made the following extensive findings at the post-conviction hearing:

When I look at the plea form, [Petitioner], the Court so notes, got what he bargained for. He got 11/29, 48 hours to serve, and he got it along with other things, concurrent with parole violation and violation of order of protection. So whatever happened on those, this was to be concurrent with it. That's clear in the plea form from the completed signed document that I went over that day in open court with the Petitioner, [   ], under oath.

[Trial counsel has] testified today that he had discussed the plea offer after the first jury trial. [Trial counsel] on his own investigation evidently had found out the status of the 12 jurors, 10 to 2 in favor of the State on the first trial. [Trial counsel has] testified that he explained to Defendant what concurrent sentencing meant in this case, and I'm sure the Defendant already knew based

on his substantial criminal history of aggravated robberies. But he also said he did not at any point make any promises as to an outcome of a parole violation. And [trial counsel] has given sworn testimony, and it certainly does not show in the plea form as to any promises being made. The only thing that was promised was that the case that I had, that [Petitioner] pled to, would be concurrent with that violation, whatever it ended up being, and the order of protection violation, and [trial counsel] is very clear in his testimony. The written documentation backs up [trial counsel's] position on the case.

And then I've got to point out that I tried to be very thorough. [Petitioner] ultimately has to make the decision whether he wants to plead guilty or not, but this Court would not tell a defendant anything about a parole violation because that's not in my jurisdiction. I have no idea what's going to happen on a parole violation, and there's no way I could have promised anything to the Defendant at the time of his plea regarding a parole violation that I have no control over. I don't have the written verbatim transcript in front of me, but I know the Court's normal procedure and policy. I don't even promise defendants anything on federal pending charges when they're pleading here because I cannot. Those are not the cases that I control. So the Court notes that for the record, too. It's not certainly been established that the Court would have in any way misled this Defendant as to what would happen on a parole violation.

The bottom line is, the Court finds that based on all the sworn testimony and the documentation today, that the Petitioner has not carried by clear and convincing evidence the burden of proof as to the claim of ineffective assistance of counsel, and the Court specifically finds that this Defendant did knowingly, voluntarily, personally and intelligently make the decision to enter his plea that day. It was his own personal decision of his own violation, and he got everything he bargained for in the plea agreement. It's just a personal problem that he's got that he got violated, and again, nobody in this room could control what the parole board would do.

We conclude that the evidence does not preponderate against the trial court's findings. The trial court accredited trial counsel's testimony that he made no promises to petitioner with regard to the actions of the parole board or that Petitioner would be released from custody after serving his forty-eight hour sentence for DUI. At the post-conviction hearing trial counsel testified that he explained the offer to Petitioner and told him that the charge would "run concurrent with the parole violation as well as the violation of [the] order of protection." Trial counsel advised Petitioner that trial counsel had "no control or no say-so

over what the parole board may do" with respect to the parole violation. Trial counsel testified: "Only thing I could say is this case would be run concurrent with that." The guilty plea agreement clearly stated that Petitioner would serve his DUI sentence concurrently with "parole violation [and] violation of order of protection." Based upon what is included in the appellate record submitted by Petitioner, with no other evidence to the contrary, we find that Petitioner's guilty plea was knowingly, voluntarily, and intelligently made with the effective assistance of trial counsel.

For the reasons stated above, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE